UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-60067
_____

ARISTINE WILSON,

Plaintiff-Appellant,

versus

JOSEPH D. WOODS, MEYERS BAKERIES, INC.,
AND MCC TRANSPORTATION COMPANY, INC.,

Defendants-Appellees.

Appeal from the United States District Court
for the Southern District of Mississippi

January 13, 1999

Before REYNALDO G. GARZA, JONES, and DeMOSS, Circuit Judges.

EDITH H. JONES, Circuit Judge:

Appellant Aristine Wilson challenges the district court's refusal to qualify her expert witness as an accident reconstructionist. Finding that the district court did not abuse its discretion, we **AFFIRM**.

## BACKGROUND

This case arose out of an automobile collision in which Joseph D. Woods, an 18-wheel truck driver employed by MCC Transportation Company, struck appellant's automobile as it proceeded forward after stopping at a highway intersection near Yazoo City, Mississippi. Wilson sued the appellees in the Circuit

Court of Yazoo County and appellees removed the case to the Southern District of Mississippi.

Appellant's suit alleged that Woods was negligent per se because he was exceeding the 55 mile per hour speed limit when the accident occurred. To support her theory, the appellant moved to qualify A. K. Rosenhan as an accident reconstruction expert. Rosenhan was prepared to testify that, based upon information contained in the accident report, his calculations determined that Woods's truck was traveling 63 miles per hour at the time of the accident. The appellees objected that Rosenhan was not sufficiently qualified as an accident reconstruction expert. The district court sustained the objection and refused to admit the testimony.

Without Rosenhan's testimony, Wilson was unable to prove that Woods exceeded the speed limit and accordingly, the jury returned a verdict for the defendants. Wilson appeals on the sole issue of the exclusion of Rosenhan's testimony.

**STANDARD OF REVIEW**

This court reviews a trial court's decision to exclude expert testimony under an abuse of discretion standard. See General Elec. Co. v. Joiner, 522 U.S. 136, ---, 118 S. Ct. 512, 515 (1997). Accordingly, we have recognized that district courts are given "wide latitude in determining the admissibility of expert

2

testimony, and the discretion of the trial judge . . . will not be disturbed on appeal unless manifestly erroneous." Watkins v. Telsmith, Inc. 121 F.3d 984, 988 (5th Cir. 1997) (quoting Eiland v. Westinghouse Elec. Corp., 58 F.3d 176, 180 (5th Cir. 1995) (internal quotations omitted)). In deciding whether the district court abused its discretion in refusing to qualify appellant's expert witness, we are guided by the Supreme Court's decision in Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579, 113 S. Ct. 2786 (1993), and Federal Rule of Evidence 702.

## DISCUSSION

In Daubert, the Supreme Court instructed district courts to function as gatekeepers and permit only reliable and relevant expert testimony to be presented to the jury. See Daubert, 509 U.S. at 590-93, 113 S. Ct. at 2795-96. District courts must be assured that the proffered witness is qualified to testify by virtue of his "knowledge, skill, experience, training, or education." Fed. R. Evid. 702. A district court should refuse to allow an expert witness to testify if it finds that the witness is not qualified to testify in a particular field or on a given subject. See Holbrook v. Lykes Bros. Steamship Co., Inc., 80 F.3d 777, 781 (3d Cir. 1996) ("[T]he district court makes preliminary determinations whether the proposed expert witness is qualified . . . under Rule 702.").

3

To support her theory that Woods exceeded the posted speed limit when the accident occurred, the appellant called Rosenhan as an expert in accident reconstruction. Rosenhan earned bachelor of science and master of science degrees in mechanical engineering, but he never completed his doctorate degree. After concluding his educational endeavors, Rosenhan taught courses in mechanical engineering and industrial engineering at various colleges and vocational schools. During the past 25 years, his consulting work has concentrated on fire reconstruction and investigation; however, he testified that he recently shifted his professional emphasis to automobile accident reconstruction.

Wilson moved to qualify Rosenhan as an expert in accident reconstruction. Before the court ruled on the motion, however, the appellees conducted voir dire of Rosenhan, which revealed that 1) although Rosenhan taught college level courses, he never held professorial rank; 2) he never taught an accident reconstruction course or any other course that involved automobile accident reconstruction; 3) he had no degree or certification in accident reconstruction (but he was enrolled in a correspondence course from the Northwestern Traffic Institute); 4) he had not completed the requirements for certification by the Association of Accident Reconstructionists; and, 5) although he had testified in various cases, one court had refused to qualify him as an expert in vehicle accident reconstruction based on his lack of qualifications.

4

Appellees argued Rosenhan was not sufficiently qualified to testify as an expert in this case due to his lack of "training," "experience," and "qualifications."  See Fed. R. Evid. 702.

The court also questioned Rosenhan and ascertained that he 1) had never conducted any studies or experiments in the field of accident reconstruction; 2) did not take any measurements or collect any data from the accident scene in this case; 3) did not examine the tires or other mechanical parts involved in the accident; 4) based his calculations on publicly accessible data published by the National Highway Transportation Safety Administration; and, 5) was unable to show that his training or experience as a mechanical engineer gave him expertise in the field of accident reconstruction that was distinguishable from training received by other mechanical engineers.  Based on all these facts, the court refused to qualify Rosenhan as an expert witness and sustained the appellees' objection, stating:

> The court is concerned, as it has been directed to be concerned, by Daubert and its progeny, about the proliferation of so-called expert witnesses.  This court personally is not convinced that there is any such thing as an accident reconstructionist as an expert field; under the rules and guidelines set forth by the Supreme Court in Daubert.
>
> None of the people who seem to be testifying have published in the field, have done experimentation in the field; and other than getting a correspondence course from this Northwestern Traffic Institute, which pads the resume, none seem to have anything other than, in most instances, a general scientific background.

5

> [T]he court is familiar with Mr. Rosenhan, who has testified in this court on other occasions as an expert in the cause and origin of fires. He knows that field, and I have had no hesitation in recognizing him as an expert in those fields. He's very good at what he does. As a professional witness, he's effective on the stand. For that reason, he has branched out into the field of accident reconstruction. And obviously, attorneys think that he's effective at what he does. That, however, does not make him an expert in that field, even assuming that the field is such.
>
> Here, we don't have simple physics questions. If we did, according to Mr. Rosenhan's testimony, then anyone who has any background in physics and mathematics, which any engineering graduate of any university in the country would have, would be capable of looking at whatever tables the government publishes and thereby become an expert. I don't think that's what an expert is supposed to be or is supposed to do in order to qualify as an expert.

Wilson contends that the district court was predisposed not to allow Rosenhan to testify as an expert in accident reconstruction because, in addition to the aforementioned comments, the judge stated that "I have never, at this stage, allowed, over objection, anyone to testify as an accident reconstructionist. . . . I don't know that there is such a thing other than some professional hired guns who go around and claim to be accident reconstructionists." Although this statement appears to illustrate a bias against accident reconstructionists, the court did not base its decision on the belief that accident reconstruction may be a bogus scientific field. In fact, the court gave the appellant the benefit of the doubt by expressly finding that "even assuming that

6

the field" of accident reconstruction exists, Rosenhan was not qualified as such an expert.

The district court's finding that Rosenhan lacked the requisite qualifications is supported in the record. Appellees' voir dire and the court's own questioning revealed significant deficiencies in Rosenhan's experience and professional training, leading ineluctably to the impression that his "expertise" in accident reconstruction was no greater than that of any other individual with a general scientific background. In addition, the court noted that Rosenhan had never taught accident reconstruction courses, never experimented or conducted studies in the field, and never published anything on the subject. To the extent that accident reconstruction represents a specialized field of study, as Wilson contends, the district court did not clearly err in finding that Rosenhan had done little to acquire or practice the requisite expertise. Because Rosenhan's claimed professional status was legitimately in doubt, the court appropriately exercised its gatekeeping responsibility and did not abuse its discretion in refusing to qualify the witness. The judgment of the district court is accordingly **AFFIRMED**.