**Danny J. ELDER and Enviro–Stain, Inc., Plaintiffs,**

v.

**A.D. TANNER and Tanner Forest Products, Corp., Defendants.**

**No. 1:98–CV–36.**

United States District Court,
E.D. Texas,
Beaumont Division.

Dec. 20, 2001.

See, also, 2001 WL 1696866.

Brian Dale Sutton, Dryden, Grossheim & Sutton, Beaumont, TX, Robert Keith Wade, Wade & Gilmore, Beaumont, TX, for Plaintiffs.

Mark K. Glasser, Charles C. Correll, Jr., Porter & Hedges, Houston, TX, J. Thad Heartfield, Jr., Heartfield & McGinnis, Beaumont, TX, for A.D. Tanner & Tanner Forest Products Corp.

Hubert Oxford III, Frank David Calvert, Beckenstein & Oxford, Beaumont, TX, J. Clark Martin, Vinson & Elkins, Houston, TX, David B. Weaver, Nicole W. Stafford, Vinson & Elkins, Austin, TX, Charles S. Weems, III, G. Trippe Hawthorne, Raymond L. Brown, Jr., Gold, Weems, Bruser, Sues & Rundell, Alexandria, LA, J. Thad Heartfield, Jr., Heartfield & McGinnis, Beamont, TX, for Roy O. Martin Lumber Co., Jonathan E. Martin, Martco Partnership & Ray O. Martin Lumber Co. Limited Partnership.

## ORDER GRANTING THE MARTIN DEFENDANTS' OBJECTIONS TO PLAINTIFFS' EXPERTS MICHAEL H. FREEMAN AND DONALD C. LEWIS AND INCORPORATED MOTION TO STRIKE, AND DENYING PLAINTIFFS' OBJECTIONS TO MARTIN DEFENDANTS' EXPERTS EUGENE M. WENGERT AND EDDIE W. PRICE AND MOTION TO STRIKE EXPERT REPORTS

SCHELL, District Judge.

This matter is before the court on the following two motions: (1) "The Martin Defendants' Objections To Plaintiffs' Experts Michael H. Freeman And Donald C. Lewis And Incorporated Motion To Strike," filed on November 2, 2001 (Dkt. # 168); and (2) "Plaintiffs' Objections To Martin Defendants' Experts Eugene M. Wengert And Eddie W. Price And Motion To Strike Expert Reports," filed on November 15, 2001 (Dkt. # 169). Defendants filed a Response to Plaintiffs' motion on November 30, 2001 (Dkt. # 175), and Plaintiffs filed a Response to Defendants' motion on December 14, 2001 (Dkt. # 181). Upon consideration of the motions, responses, and expert reports in ques-

tion, the court finds that Plaintiffs' objections should be OVERRULED, and their motion to strike should be DENIED. The court further finds that Defendants' objections should be SUSTAINED, and their motion to strike should be GRANTED. However, Plaintiffs shall have an opportunity to cure the deficiencies in their experts' reports by filing amended reports and serving copies on Defendants on or before January 10, 2002.

## I. BACKGROUND

In the instant case, Plaintiffs assert that Defendants infringed certain claims within three patented inventions involving the processing of green wood. The three patents at issue are held by Plaintiff Danny J. Elder ("Elder"). Defendants deny any infringement of Elder's patents and claim that Elder's inventions were anticipated and/or rendered obvious by numerous prior art references.

The instant motions contain virtually identical arguments. Each motion requests the court to strike the testimony of the parties' experts and to disqualify them from testifying at trial for the following reasons: (1) the expert reports do not comply with the minimal standards of Federal Rule of Civil Procedure 26(a)(2)(B) or Local Rule 26 because they consist of unsupported conclusory opinions; and (2) the witnesses in question are not qualified to testify as experts pursuant to *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993) and Federal Rule of Evidence 702 because the witnesses do not possess any specialized training or experience in the necessary fields, and their proposed testimony will not be helpful to the jury. Although the arguments pronounced by both sides are similar, the court will discuss the merits of each motion separately.[1]

## II. DISCUSSION

A. *Defendants' Objections To Plaintiffs' Experts And Motion To Strike*

1. *Federal Rule Of Civil Procedure 26(a)(2)(B)*

■ Federal Rule of Civil Procedure 26(a)(2)(B) ("FRCP 26(a)(2)(B)") provides, in pertinent part, that an expert "report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor...."

Defendants argue that Plaintiffs' expert reports from Michael H. Freeman ("Freeman") and Donald C. Lewis ("Lewis") do not comply with the requirements of FRCP 26(a)(2)(B) and should be stricken because the testimony therein is conclusory and lacks an adequate factual predicate. Specifically, Defendants' contend that the expert reports do nothing more than make conclusory allegations regarding patent infringement, anticipation, and obviousness. As the reports of Freeman and Lewis are identical in language and analysis on these issues, the court will discuss both reports together.

Regarding Plaintiffs' causes of action for patent infringement, Freeman and Lewis offer their opinions as to each claim of each patent at issue. An example of the analysis in their reports is as follows: "[t]he green wood treating process practiced by the Martin Defendants as illustrated in the testimony and photographs described above as well as the observations of Danny J. Elder and others contain, either literally or the equivalent of, each of the following elements of Claim 1 of the '086 patent...." Expert Report of Michael H. Freeman at 3; Expert Report of Donald C. Lewis at 3. The previous sentence sets forth their ultimate opinion on a particular patent claim. This statement is followed by listing Plaintiffs' claim at issue, which, in turn, is followed by a statement that enumerates the basis for each expert's opinion: "I base my opinion on the materials described above, and in particular the '086 patent and the green wood treating process practiced by the Martin Defendants as described by Mr. Bennett and Mr. Martin in their depositions, and observations of Mr. Elder." Expert Report of Michael H. Freeman at 4; Expert Report of Donald C. Lewis at 4.

The above procedure is repeated for each claim in each patent concerning their infringement analysis, and their anticipation and obviousness analyses are similar in style and substance to the examples noted above.

---

1. Neither Defendants nor Plaintiffs requested a hearing with respect to the instant motions.

As evidenced by the passages cited, these disclosures communicate each expert's ultimate opinions and the authorities and evidence upon which they rely.

Defendants argue that the reports of Plaintiffs' experts must also give a factual predicate for their opinions in the reports.[2] FRCP 26(a)(2)(B) requires that expert reports contain "a complete statement of all opinions to be expressed and the basis and reasons therefor...." Here, the reports of Plaintiffs' experts offer conclusory opinions that do not comply with the requirements established in FRCP 26(b)(2)(B) for a "complete statement." The expert reports must contain some discussion of their reasoning and thought process that lead to their ultimate opinions.

### 2. Daubert & Federal Rule Of Evidence 702

■ Defendants further object to Plaintiffs' aforesaid experts under the standards established in *Daubert* and Federal Rule of Evidence 702 ("FRE 702") for two reasons: (1) the witnesses do not possess any specialized training or experience to qualify them as experts in the field of the claimed inventions; and (2) their proposed testimony will not be helpful to the jury.

In *Daubert*, the Supreme Court instructed district courts to function as gatekeepers and permit reliable and relevant expert testimony to be presented to the jury. 509 U.S. at 590–93, 113 S.Ct. 2786. In so doing, district courts must be assured that the proffered witness is qualified to testify by virtue of his "knowledge, skill, experience, training, or education." FED.R.EVID. 702. "A district court should refuse to allow an expert witness to testify if it finds that the witness is not qualified to testify in a particular field or on a given subject." *Wilson v. Woods*, 163 F.3d 935, 937 (5th Cir.1999) (citation omitted).

First, Defendants argue that Freeman and Lewis are not qualified to testify as experts in the instant case because they do not possess any specialized training or experience to qualify them as experts in the field of the claimed inventions. In support of their argument, Defendants cite to each expert's curriculum vitae ("CV"). A close examination of each expert's CV, however, reveals that both Freeman and Lewis possess the experience necessary to qualify them as experts in the field of the claimed inventions.

Freeman received a Bachelor of Science degree in Wood Science and Technology from North Carolina State University in 1982. He served as a "Wood Products Manager/Chemist" at Wood Protection Products Company for nine years. Most recently, he was the "Technical Manager" of "Wood Preservation" for ISK Biosciences for three years. Further, he has published over fifty articles on the wood industry, one of which is entitled "Controlling Brown Stain In Eastern White Pine." Controlling wood stain is the main objective of the '819 patent in suit. Consequently, Freeman is qualified to serve as an expert in this case.

Lewis received his Bachelor's degree from the University of Maine in Engineering. He is currently a member of the Forest Products Research Society, and holds several patents in dehumidification lumber drying. Further, he is published in several technical journals regarding the drying of lumber. Thus, Lewis too is qualified to serve as an expert in this case.

■ Second, Defendants contend that Freeman and Lewis are not qualified to testify as experts because their testimony will not assist the trier of fact. In *Daubert*, the Supreme Court opined that, before an expert may testify at trial, he or she must demonstrate, among other things, that the expert's testimony is relevant. 509 U.S. at 590–95, 113 S.Ct. 2786. Testimony is relevant if it

**2.** To this end, Defendants cite *Sierra Club v. Cedar Point Oil Co. Inc.*, 73 F.3d 546 (5th Cir. 1996), in which the 5th Circuit affirmed the district court's decision to strike the expert testimony as a sanction for failure to comply with the court's initial discovery order. In *Sierra Club*, the discovery order required that the parties' initial expert disclosures comply with FRCP 26.

The court reasoned that the expert reports in question did not meet these requirements because they consisted of (1) a one-and-a-half page outline listing one expert's testimony; (2) two one-paragraph descriptions of another expert's opinions; and (3) one-paragraph statements relating to the opinions of two experts.

assists the trier of fact in determining the case. *Id.* Here, Defendants argue that the experts should not be allowed to testify because their reports contain nothing more than conclusory statements unsupported by any facts.

The court is persuaded by this argument. The reports of Plaintiffs' experts are conclusory. They state the experts' ultimate opinions regarding infringement, anticipation, and obviousness and, generally, the authorities and evidence upon which they rely, but without any elaboration or reasoning. It is not sufficient simply to list the resources they utilized and then state an ultimate opinion without some discussion of their thought process. Thus, the testimony of Freemont and Lewis, as presently phrased in their reports, will not assist the trier of fact in determining the case.

### B. *Plaintiffs' Objections To Defendants' Experts And Motion To Strike*

#### 1. *Federal Rule Of Civil Procedure 26(a)(2)(B)*

■ Plaintiffs' contentions are identical to those promulgated in Defendants' motion. Plaintiffs' argument regarding FRCP 26(a)(2)(B), however, is not persuasive due to the depth of analysis contained in the reports of Dr. Eugene M. Wengert ("Wengert") and Dr. Eddie W. Price ("Price"). In his report, Wengert provides his opinions along with a detailed factual comparison of each prior art reference asserted by Defendants to each claim at issue. Likewise, Price's report contains over 180 pages of detailed charts comparing each prior art reference to each claim at issue. Accordingly, the reports of Defendants' experts are not comprised of unsupported conclusory opinions, and they meet the requirements of FRCP 26(a)(2)(B).

#### 2. *Daubert & Federal Rule Of Evidence 702*

■ Regarding the qualifications of Wengert and Price under the standards set forth in *Daubert* and FRE 702, Plaintiffs again propound the same arguments as Defendants and fail. First, Plaintiffs argue that Wengert and Price are not qualified to testify as experts in the instant case because they do not possess any specialized training or experience to qualify them as experts in the field of the inventions or patent infringement. This argument is not well taken. Wengert is a professor in the Department of Forestry at the University of Wisconsin. He has over forty years of experience in wood processing technology and is the author of over 450 publications on topics such as wood drying technology and wood staining. Similarly, Price has over thirty years of experience in wood processing technology and forty-six related publications.

■ Second, Plaintiffs aver that Wengert and Price are not qualified to testify as experts in the instant case because their testimony will not assist the trier of fact. As mentioned above in the court's FRCP 26(a)(2)(B) analysis, the proposed testimony of Wengert and Price is not conclusory because their opinions are based on factual reasoning. Further, their testimony is relevant to help the jury determine important issues in the case because they will testify about the defenses of anticipation and obviousness, and they have stated their underlying reasoning. Thus, the testimony of Wengert and Price will assist the trier of fact.

### III. CONCLUSION

After reviewing the motions, responses, and expert reports, the court concludes that Defendants' expert reports in question comply with the standards set forth in Federal Rule of Civil Procedure 26(a)(2)(B) and Local Rule 26. Moreover, the court finds that each of Defendants' experts in question is qualified to testify as an expert pursuant to the requirements established in *Daubert* and FRE 702. Therefore, Plaintiffs' objections are hereby OVERRULED and their motion to strike is hereby DENIED.

Plaintiffs' expert reports do not comply with the standards set forth in Federal Rule of Civil Procedure 26(a)(2)(B) and Local Rule 26. Further, the opinions of the Plaintiffs' experts, if conveyed in the conclusory fashion set forth in their reports, will not assist the trier of fact. Therefore, Defendants' objections are hereby SUSTAINED, and their motion to strike Plaintiffs' experts is hereby

GRANTED. However, the opinions of Plaintiffs' experts shall be reinstated if they file and serve amended reports curing the deficiencies pointed out in this opinion on or before January 10, 2002. It is so ORDERED.