# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
March 9, 2023

Lyle W. Cayce
Clerk

No. 22-60374

Marcus Walker, Individually, and on behalf of the wrongful death beneficiaries of De′Aubrey Rajheem Roscoe, Deceased,

*Plaintiff—Appellant*,

*versus*

Jonathan Upp, Medstat EMS Crew Member, Individually and in his Official Capacity; MedStat EMS, Incorporated,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:20-CV-156

Before Davis and Haynes, *Circuit Judges*.

Per Curiam:*

Plaintiff-Appellant, Marcus Walker, appeals the district court's summary judgment in favor of Defendants-Appellees, dismissing his state-

---

* This opinion is not designated for publication. See 5th Cir. R. 47.5. This matter is being decided by a quorum because the third judge was recused. *See* 28 U.S.C. § 46(d).

law claims for negligence, gross negligence, and intentional infliction of emotional distress. Plaintiff argues that the district court's order excluding his expert witness from testifying, which precipitated the summary judgment against him, was an abuse of discretion and manifestly erroneous. For the reasons set forth below, we AFFIRM.

## I. BACKGROUND

Plaintiff is the brother of DeAubrey Rajheem Roscoe, who died on April 24, 2019, after being shot in Indianola, Mississippi. Defendant-Appellee, MedStat EMS, Inc. (MedStat), received the call of the shooting just after 8:00 P.M. and dispatched an ambulance. The MedStat crew consisted of Defendant Andrew Walda, an emergency medical technician and ambulance driver, and Defendant-Appellee Jonathan Upp, a paramedic.

After local law enforcement officers[1] secured the scene, the MedStat crew made contact with Roscoe between 8:12 P.M. and 8:16 P.M. They found him lying in the yard of his girlfriend's house, awake, alert, and oriented, with no active bleeding. Upp noted a gunshot wound to the right side of Roscoe's back near the axillary space and two wounds to the posterior of his right upper arm. At 8:20 P.M., Roscoe was in the ambulance. Upp administered oxygen via a non-rebreather mask and then attempted unsuccessfully to gain vascular access. He next attempted to gain peripheral

---

[1] Plaintiff also sued local law enforcement officers under 42 U.S.C. § 1983 and state law, alleging that the officers violated Roscoe's constitutional rights and were negligent by delaying the administration of medical care and attention to Roscoe. The district court dismissed those claims on summary judgment. Although dismissal of the federal claims removed the court's original federal-question jurisdiction under 28 U.S.C. § 1331, the district court properly exercised its supplemental jurisdiction over the remaining state-law claims at issue in this appeal. *See* 28 U.S.C. § 1367(a) (providing that in any civil action of which the district court has original federal-question jurisdiction, the district court has supplemental jurisdiction over related claims that "form part of the same case or controversy").

access via an intraosseous device, but both attempts failed because the catheters bent.

Upp then observed that Roscoe was becoming short of breath and that the right side of his chest was moving less than the left.  He suspected that air present in Roscoe's chest cavity was putting pressure on his lung.  Upp successfully performed a needle decompression which allowed the air to escape the chest cavity.  But then at 8:24 P.M., Upp noted that Roscoe was in respiratory distress and attempted to intubate him, but could not because Roscoe had lockjaw.

After Upp and Walda administered medical care to Roscoe at the scene for approximately sixteen minutes, they began transporting him to the hospital at 8:27 P.M. and arrived four minutes later at 8:31 P.M.  Roscoe was pronounced dead twenty-five minutes later at 8:56 P.M.  The hospital listed Roscoe's cause of death as cardiac arrest due to gunshot wounds.

In his complaint, Plaintiff alleged that Defendants had a duty to use reasonable and ordinary care to "ensure timely transport" of Roscoe to the nearest hospital and to ensure that he received the medical care he needed. He asserted state-law claims for negligence, gross negligence, and intentional infliction of emotional distress.  Plaintiff designated Obie McNair, M.D., a practicing physician in internal and pulmonary medicine, as his medical expert witness.

After discovery was completed, Defendants filed a motion in limine to exclude Dr. McNair from testifying at trial.  They argued that Dr. McNair was not qualified as an expert in paramedicine by knowledge, skill, experience, training, or education.  They further argued that Dr. McNair's opinion regarding causation lacked a sufficient foundation.  The district court granted Defendants' motion, concluding that Dr. McNair was not qualified to testify and that he failed to demonstrate the reliability of his opinions.

No. 22-60374

Defendants also moved for summary judgment seeking dismissal of Plaintiff's claims. They argued that because Dr. McNair's testimony was excluded, Plaintiff lacked the expert testimony required to establish the standard of care applicable to Defendants and Defendants' breach of that standard, as well as the causal connection between Defendants' breach and Roscoe's death. Noting that Mississippi law requires expert testimony to establish a claim of medical negligence, and that Plaintiff presented no other expert testimony than Dr. McNair's, the district court granted Defendants' motion for summary judgment dismissing Plaintiff's claims against them. Plaintiff timely filed a notice of appeal.

## II. DISCUSSION

Plaintiff argues that Defendants breached the standard of care for field triage when they failed to timely transport Roscoe to the hospital for the necessary emergency medical care and that their breach was the proximate cause and/or contributing cause of his death. Plaintiff asserts that Dr. McNair is qualified to testify in this case; that the district court's decision to exclude Dr. McNair was an abuse of discretion and manifestly erroneous; and that summary judgment was erroneously granted.

Because the summary judgment in favor of Defendants stemmed from the exclusion of Dr. McNair's testimony, we must first address whether the district court erred in its evidentiary ruling.[2] "[E]xclusion of expert testimony under Federal Rules of Evidence Rule 702 is within the traditional discretion of the trial court, . . . and we review it only for an abuse of discretion

---

[2] *Schindler v. Dravo Basic Materials Co., Inc.* 790 F. App'x 621, 623 (5th Cir. 2019) (per curiam) (unpublished). Unpublished opinions issued in or after 1996 are "not controlling precedent" except in limited circumstances, but they "may be persuasive authority." *Ballard v. Burton*, 444 F.3d 391, 401 n.7 (5th Cir. 2006).

No. 22-60374

which amounts to manifest error."[3] We "then review de novo the grant of summary judgment based on the evidence properly before the district court."[4]

### A. Exclusion of Dr. McNair

The admissibility of expert evidence is governed by Rule 702[5] which permits opinion testimony from "[a] witness who is qualified as an expert by knowledge, skill, experience, training, or education" if such testimony will assist the trier of fact and (1) "the testimony is based on sufficient facts or data;" (2) "the testimony is the product of reliable principles and methods;" and (3) "the expert has reliably applied the principles and methods to the facts of the case."[6] "A district court should refuse to allow an expert witness to testify if it finds that the witness is not qualified to testify in a particular field or on a given subject."[7] The proponent of the expert testimony has the burden of establishing by a preponderance of the evidence that the expert is

---

[3] *Munoz v. Orr*, 200 F.3d 291, 300 (5th Cir. 2000) (citations omitted).

[4] *Id.* (citations omitted).

[5] Because state law provides the rule of decision, state law witness competency rules also apply through FED. R. EVID. 601. *See Coleman v. United States*, 912 F.3d 824, 833 (5th Cir. 2019) (explaining that "an expert's testimony might be admissible under Rule 702, yet the witness himself barred under Rule 601 when relevant state law deems him legally incompetent to testify on the matter"). In this case, however, there appears to be no specific witness competency rule under Mississippi law applicable here as there was in *Coleman* under Texas law. Furthermore, Plaintiff directs us to no statutory or jurisprudential authority indicating that application of Mississippi witness competency rules would provide for a different result in this case.

[6] FED. R. EVID. 702.

[7] *Wilson v. Woods*, 163 F.3d 935, 937 (5th Cir. 1999) (citation omitted).

qualified to testify.[8]  "[B]efore admitting the testimony, the court must also gauge whether the 'witness's qualifying training or experience, and resultant specialized knowledge, are sufficiently related to the issues and evidence before the trier of fact that the witness's proposed testimony will help the trier of fact.'"[9]

Dr. McNair opined, *inter alia*, that Roscoe's condition required "immediate transport to the hospital for placement of a chest tube," that everything Defendants undertook prior to transport could have been done in the ambulance during transport, and that Defendants "breached the standard of field triage care by staying on-scene 16 minutes before initiating transport to the hospital."  Plaintiff argues that Dr. McNair is well qualified to testify regarding the "standard of care for field triage and the causative factors in Roscoe's death" based on his education, training, and experience in internal, pulmonary, and critical care medicine.

As the district court noted, however, Dr. McNair conceded in his deposition "that the standard of care for pulmonology and internal medicine—the disciplines in which he does possess specialized knowledge, experience, and training—is different from the standard of care for paramedicine."  At the same time, Dr. McNair unequivocally stated that he had no experience or education in paramedicine.  Additionally, he failed to cite to any literature or published works pertaining to paramedicine that he might have relied on in formulating his opinions.  The only article Dr. McNair provided with his expert report, titled "Understanding Chest Tube

---

[8] *See United States v. Fullwood*, 342 F.3d 409, 412 (5th Cir. 2003); Fed. R. Evid. 104(a) ("The court must decide any preliminary question about whether a witness is qualified, a privilege exists, or evidence is admissible.").

[9] *United States v. Wen Chyu Liu*, 716 F.3d 159, 167 (5th Cir. 2013) (citation omitted).

Use for a Pneumothorax," did not relate to the specific standard of care for treatment of this condition by a paramedic in the field.

The district court also noted that aside from references to the practice of medicine generally, Dr. McNair did not provide any further clarification for his opinions or explain how the specifics of his professional background connect to the matter on which he offered his opinion. In so doing, the district court determined that Dr. McNair failed to demonstrate the reliability of his opinions, as required by Rule 702 and the Supreme Court cases interpreting and applying it, because he failed to present "specific data, facts, principles, or methodologies" supporting his opinion.[10]

As stated above, the standard of care in this case is that applicable to a paramedic operating in the field and on ambulances. In support of his standard of care opinions in this case, Dr. McNair relied on his "experience, education, and training," none of which involves paramedicine. We conclude that the district court did not abuse its discretion in determining that Dr. McNair was not qualified by his "knowledge, skill, experience, training, or education"[11] to testify as an expert in this case.

## B. Grant of Summary Judgment

Having determined that it was not an abuse of discretion for the district court to exclude Dr. McNair's testimony, we must now determine whether Plaintiff had other sufficient evidence before the court to survive Defendants' summary judgment motion. As stated above, we review the district court's grant of summary judgment de novo.[12] Summary judgment

---

[10] *See* Fed. R. Evid. 702.

[11] *Id.*

[12] *Munoz*, 200 F.3d at 300.

shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[13]

Mississippi law, which applies to Plaintiff's state-law tort claims against Defendants, requires the plaintiff in a medical malpractice action to establish the standard of care, breach of that standard, and a causal connection between the breach and the plaintiff's damages.[14] These three elements must be established by expert testimony.[15] We have specifically held that these requirements are applicable to claims against an ambulance service alleging negligence similar to the claims Plaintiff asserts herein.[16]

Because Dr. McNair was Plaintiff's only medical expert, Plaintiff had no other sufficient evidence to establish the three elements needed to prove his case. Therefore, the district court did not err in granting summary judgment in favor of Defendants.

## III. CONCLUSION

Based on the foregoing, the district court's judgment is AFFIRMED.

---

[13] FED. R. CIV. PROC. 56(a).

[14] *Brown v. Baptist Mem'l Hosp. DeSoto, Inc.*, 806 So.2d 1131, 1134 (Miss. 2002).

[15] *Id.*

[16] In *Patton v. Mobile Medic Ambulance Service, Inc.*, 330 F. App'x 64, 64-65 (5th Cir. 2009) (per curiam) (unpublished), we held these requirements were applicable to a negligence claim against an ambulance service for failing to properly equip its ambulance and train its employees. *See Ballard*, 444 F.3d at 401 n.7 (stating that unpublished opinions issued in or after 1996 "may be persuasive authority").